IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY \_\_\_\_\_ D.Q.
05 JUL 12 PM 12: 35
THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| ERICSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 04-2033 Ml/V |
| | ) | |
| MARDI GRAS ZONE, LLC, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**ORDER DENYING MARDI GRAS ZONE, LLC'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff/Counter-Defendant Mardi Gras Zone, LLC's Motion for Summary Judgment, filed June 6, 2005. Defendant/Counter-Plaintiff Ericson Group, Inc. filed a response in opposition on June 29, 2005. For the following reasons, the motion is DENIED.

**I. BACKGROUND AND RELEVANT FACTS**

The instant case involves a dispute regarding the sale of bead necklaces by Defendant/Counter-Plaintiff Mardi Gras Zone, LLC ("MGZ"), a manufacturer of the bead necklaces, to Plaintiff/Counter-Defendant Ericson Group, Inc. ("Ericson"), a retailer of the beads. In its claim against MGZ, Ericson contends that it entered into a purchase order contract with MGZ to manufacture and supply bead necklaces, but that the necklaces provided were defective and that Ericson consequently lost contracts to supply the necklaces to certain customers. MGZ

denies Ericson's contentions and further asserts a claim for payment on an open account for sale of the beads. MGZ's motion for summary judgment relates to its claim regarding that open account.

Sometime prior to April of 2003, Ericson contacted MGZ to place an order for bead necklaces, which Ericson intended to sell to its retail customers - primarily casinos. From April to November of 2003, MGZ made shipments of bead necklaces to Ericson in Memphis, Tennessee, and on at least one occasion to one of Ericson's customers in Las Vegas, Nevada. MGZ issued and delivered invoices to Ericson in connection with each of the shipments. A Statement of Account dated November 3, 2003, reflects that, as of that date, $133,242.19 was due on Ericson's open account with MGZ. (Mem. in Supp. of Mardi Gras Zone, LLC's Mot. for Summ. J. on Open Account, Ex. A.)

Ericson contends that all of the merchandise for which payment is assertedly due on the open account was defective. In particular, Ericson contends that the colors on the necklaces ran and stained the clothing of persons wearing them, that the logos on the necklaces did not meet the parties' specifications, and that they were delivered late. (See Resp. of Ericson Group, Inc. in Opp. to Mardi Gras Zone, LLC's Mot. for Summ. J. on Open Account at 1.)

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving

3

party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

## III. ANALYSIS

MGZ moves for summary judgment seeking payment pursuant to the open account with Ericson and for an award of attorney's fees pursuant to Louisiana Revised Statutes § 9:2781.[1] Ericson contends that genuine issues of material fact exist regarding MGZ's claim chiefly due to its contention that the beads supplied pursuant to the parties' agreement were defective. Having reviewed the record and the parties submissions, and drawing all

---

[1] Louisiana Revised Statutes § 9:2781(a) provides, in pertinent part:
> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

La. Rev. Stat. 9:2781(a).

4

inferences in the light most favorable to Ericson, the non-moving party, the Court finds that genuine issues of material fact exist regarding MGZ's claim and therefore that summary judgment is not appropriate at this time. In particular, Ericson points to evidence in the record that the necklaces provided by MGZ were defective. Such an assertion, if proven true, may counteract MGZ's contention that full payment is due on the open account. Accordingly, MGZ's motion for summary judgment is DENIED.[2]

So ORDERED this 8th day of July, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court has denied MGZ's motion for summary judgment with respect to its claim for payment on the open account, the Court reserves any ruling on MGZ's motion for attorney's fees.

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 40 in case 2:04-CV-02033 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

---

Oscar C. Carr
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

William F. Wessel
WESSEL & ASSOCIATES
127 Camp Street
New Orleans, LA 70130

William Alexander Porteous
PORTEOUS HAINKEL & JOHNSON
704 Carondelet St.
New Orleans, LA 70130--377

John McQuiston
STOKES BARTHOLOMEW EVANS & PETREE, P.A.
1000 Ridgeway Loop Rd.
Ste. 200
Memphis, TN 38120

Honorable Jon McCalla
US DISTRICT COURT